Honorable Timothy Dore
Chapter 7

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

In re:

JAE HO SO,

    Debtor

EUN SEONG PARK and TAE SHIN PARK,

    Plaintiffs,

vs.

JAE HO SO,

    Defendant

Case No. 12-13673 TWD

Adversary No.

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiffs allege as follows:

## I. Parties

1. Plaintiffs Eun Seong Park and Tae Shin Park (the "Parks) are creditors in the Chapter 7 bankruptcy case filed by defendant Jae Ho So ("So"). Eun Seong Park currently resides in Bellevue, Washington, and Tae Shin Park resides in Seoul, Korea. The Parks have standing to bring this action under 11 U.S.C. §523 and §727.

COMPLAINT TO DETERMINE
DISCHARGEABILITY –
Page 1 of 11
1237.180.002

LAW OFFICE OF
RICHARD A. BERSIN
777 108th Avenue NE, Suite 1900
Bellevue, WA 98004
(425) 460-0090

2. Defendant So resides in Seattle, Washington. So is a licensed attorney practicing immigration law at Seattle Law Group, PLLC ("Seattle Law Group"), a professional limited liability company with its office in Federal Way, Washington. So filed his petition in the above-captioned Chapter 7 case on April 10, 2012.

## II. Jurisdiction and Venue

3. The Parks bring this adversary proceeding to deny the discharge of their Judgment for $491,385 (the "Judgment Debt") in So's Chapter 7 case. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

4. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157(a) and (b), 28 U.S.C. §1334(a) and (b), and 11 U.S.C. §105, §523, and §727.

5. This matter has been referred to the Bankruptcy Judges of this District pursuant to General Rule 7 of the Rules for the U.S. District Court for the Western District of Washington.

6. Pursuant to 28 U.S.C. § 1409(a), venue is proper in the U.S. Bankruptcy Court for the Western District of Washington.

## III. Factual Background

7. The Parks moved from Korea to the United States in April, 2005, under an E2 Investor Visa. An E2 Investor Visa allows an individual to enter and work inside the United States based on a substantial investment in a business. The Parks placed a high priority on education and were willing to immigrate to the United States to enhance the educational opportunities for their two sons.

COMPLAINT TO DETERMINE DISCHARGEABILITY –
Page 2 of 11
1237.180.002

LAW OFFICE OF
RICHARD A. BERSIN
777 108th Avenue NE, Suite 1900
Bellevue, WA 98004
(425) 460-0090

8. On October 6, 2006, the Parks engaged So and Seattle Law Group to provide legal services in connection with their immigration matters. So and his office manager, Na Min Chan Na ("Na"), have assisted Koreans in obtaining E2 Visas. So and Na recommended that the Parks invest $200,000 in a business enterprise in order to obtain a new E2 Visa.

9. In October, 2006, Eun Seong Park paid $200,000 to Seattle Law Group to provide funds for the Parks' E2 Visa investment. So incorporated JN Investment Group, Inc. ("JN Investment") on October 16, 2006, and prepared corporate documents appointing Eun Seong Park as the President and sole shareholder of JN Investment. So and Na represented to Eun Seong Park that JN Investment would purchase and operate an existing Photo Pro business in Gig Harbor, Washington, and their $200,000 investment would qualify for E2 Visa status.

10. In mid-October, 2006, Seattle Law Group filed a petition with U.S. Citizenship and Immigration Services ("USCIS") for the Parks' E2 Visa, listing JN Investment as the petitioner. In support of the petition, Seattle Law Group submitted a purchase and sale agreement and financial documents relating to JN Investment's acquisition of Photo Pro, described as a retail photographic lab and digital processor.

11. So prepared corporate minutes of JN Investment dated November 1, 2006, containing his representation that the $200,000 invested by the Parks was a loan that would be repaid within three years (by November 1, 2009).

12. The Parks' E2 Visa was approved by USCIS on November 9, 2006. So failed to disclose to the Parks that the Photo Pro purchase transaction had failed and their $200,000 investment was used for other purposes. In May, 2009, the Parks discovered that JN

COMPLAINT TO DETERMINE
DISCHARGEABILITY –
Page 3 of 11
1237.180.002

LAW OFFICE OF
RICHARD A. BERSIN
777 108th Avenue NE, Suite 1900
Bellevue, WA 98004
(425) 460-0090

Investment had purchased a Korean barbeque restaurant known as the Palace in Lakewood, Washington ("Palace Lakewood").

13. So acted as JN Investment's attorney in connection with the Palace Lakewood purchase in August, 2007. Eun Seong Park was still the President and sole shareholder of JN when restaurant transaction occurred without her knowledge. Despite their investment of $200,000, the Parks did not receive contract documents or business records of JN Investment.

14. After the E2 Visa was approved in November, 2006, So informed Eun Seong Park that Seattle Law Group could assist the Parks in obtaining a permanent green card. So knew that the Parks had invested $500,000 in a Seattle company for purposes of securing a green card. The Parks withdrew their $500,000 investment and authorized Seattle Law Group to represent them in the green card process.

15. In January, 2007, So received a personal loan of $500,000 from the Parks. As an inducement for the loan, So offered Tae Shin Park an employment opportunity as an attorney with Seattle Law Group. The employment arrangement became the basis for the green card application that Seattle Law Group submitted on behalf of the Parks.

16. On January 9, 2007, So signed a Promissory Note for a $500,000 personal loan from the Parks without interest or security for repayment. So did not recommend that the Parks seek independent legal counsel before entering into the loan transaction. Nor did So obtain informed consent regarding his role and conflict of interest in the transaction. The Parks funded the loan by paying $400,000 on January 9, 2007, and $100,000 on July 1, 2007.

COMPLAINT TO DETERMINE
DISCHARGEABILITY –
Page 4 of 11
1237.180.002

LAW OFFICE OF
RICHARD A. BERSIN
777 108th Avenue NE, Suite 1900
Bellevue, WA 98004
(425) 460-0093

Case 13-01028-TWD    Doc 1    Filed 01/11/13    Ent. 01/11/13 13:48:23    Pg. 4 of 10

17. So opened two other Palace restaurants in Bellevue and Federal Way, Washington, which are owned by his corporation, Sona, Inc. So has testified in the Chapter 7 case that the $500,000 loaned by the Parks was invested in the Palace Bellevue and Palace Federal Way. Na manages all three Palace restaurants at the request of So.

18. No portion of the first $200,000 loan was repaid to the Parks by November 1, 2009. This payment default, along with So's failure to disclose Palace Lakewood transaction, created conflicts which interfered with Tae Shin Park's employment at Seattle Law Group.

19. As of January, 2010, the Parks had received no payments on the $200,000 loan, and So had paid only $100,000 on the $500,000 loan. Citing financial problems, So requested the Parks' agreement to consolidate and restructure the two loans with unpaid balances totaling $600,000. So's failure to timely repay the loans caused financial distress to the Parks, as the funds were needed to pay for college tuition and living expenses.

20. On January 11, 2010, So negotiated a modified payment schedule without obtaining informed consent or recommending that the Parks seek independent counsel. So made the modified payments for four months in 2010, and then defaulted on a $50,000 payment due by April 30, 2010. The Parks were then forced to hire legal counsel to pursue claims against their former attorney for unpaid loan balances of $587,000.

21. So signed another Promissory Note dated July 29, 2010, requiring payment of $587,000 pursuant to an installment schedule. So and Sona executed agreements granting the Parks security interests in the assets of the Palace Federal Way and Palace Bellevue to secure

COMPLAINT TO DETERMINE
DISCHARGEABILITY –
Page 5 of 11
1237.180.002

LAW OFFICE OF
RICHARD A. BERSIN
777 108th Avenue NE, Suite 1900
Bellevue, WA 98004
(425) 460-0890

ownership of JN Investment to another client, and declared that the Parks no longer have any interest in the corporation. The $200,000 loan was not repaid to the Parks within three years.

26. So induced the Parks to make a personal loan of $500,000 by offering to represent them in the green card process, and offering employment to Tae Shin Park. The Parks would not have made the $500,000 loan to So if they had known in January, 2007, that So's representations regarding the first $200,000 investment were false.

27. So made misrepresentation and failed to disclose material facts to purposely create a contrived and misleading understanding of the loan transactions, which wrongfully induced the Parks to advance money to So and caused them to sustain substantial damages.

28. Under 11 U.S.C. §523(a)(2)(A), So is not entitled to a discharge of the Judgment Debt because So obtained their funds by false pretenses.

**B. False Representations and Fraud (§523(a)(2)(A) and (B))**

29. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-28.

30. So made false and misleading statements of material fact, and failed to disclose material facts, with knowledge of the falsity of his representations. So made false representations with the intent to deceive the Parks, in order to induce them to turn over substantial funds to So and his business, Seattle Law Group.

31. The Parks' reliance upon their attorney's representations was justified under the circumstances. The Parks have sustained substantial financial losses caused by So's false and misleading statements and failures to disclose material facts.

32. Under 11 U.S.C. 523(a)(2)(A), So is not entitled to a discharge because the

Judgment Debt is for money obtained by false representations and actual fraud.

33. Under 11 U.S.C. 523(a)(2)(B), So is not entitled to a discharge because the Judgment Debt arises from false written representations that the Parks' funds would be invested in a Photo Pro business, that Eun Seong Park would be the President and sole shareholder of JN Investment, and that the E2 Visa investment of $200,000 was a loan that would be repaid within three years.

### C. Embezzlement and Conversion (§523(a)(4))

34. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-33.

35. So took possession of the Parks' funds and appropriated such funds to uses other than the use for which they were entrusted to So, and under circumstances indicating fraud. So's misappropriation of the loaned funds has caused substantial damages to the Parks.

36. Under 11 U.S.C. §523(a)(4), So is not entitled to a discharge because the Judgment Debt is for money obtained by embezzlement and conversion.

### D. Fraud and Defalcation in Fiduciary Capacity (§523(a)(4))

37. Plaintiffs reallege and incorporate the allegations in paragraphs 1-36.

38. The relationship of "special trust and confidence" between an attorney and client requires the attorney to undertake duties of a fiduciary, and he is bound to act with the utmost fairness and good faith toward the client in all dealings. Acting as the Parks' attorney, So owed fiduciary duties to act faithfully, honestly, confidentially and with undivided loyalty to their interests.

COMPLAINT TO DETERMINE
DISCHARGEABILITY –
Page 8 of 11
1237.180.002

LAW OFFICE OF
RICHARD A. BERSIN
777 108th Avenue NE, Suite 1900
Bellevue, WA 98004
(425) 460-0090

Case 13-01028-TWD    Doc 1    Filed 01/11/13    Ent. 01/11/13 13:48:23    Pg. 7 of 10

39. So committed fraud and defalcation in his fiduciary capacity by, among other acts and omissions: (a) obtaining the Parks' funds by false pretenses and deception (as alleged in paragraphs 24-28); (b) inducing the Parks to loan substantial funds by making false representations of material fact, and failing to disclose material facts (as alleged in paragraphs 29-33); and (c) embezzlement and conversion of the Parks' funds by appropriating them for uses other than the use for which the funds were advanced (as alleged in paragraphs 34-36).

40. So violated his professional duties as an attorney by entered into transactions with his clients which provided personal advantages through undue influence, without giving the clients all of the information and advice as would have been given by a disinterested attorney. So failed to disclose his conflicts of interest or inform the Parks that they should consult with independent counsel regarding the transactions. So also failed to obtain informed consent in writing from the Parks regarding the essential terms of the transactions and his role (including whether So was representing the clients in the transactions).

41. The loans were made with terms that were unfair and unreasonable to the Parks (i.e., without interest, no security for repayment, and no attorney's fees or penalties for default), and were not as beneficial to the clients as they would have been had the clients dealt with a third party. So's financial interests materially limited his representation of the Parks, and caused his failure to disclose the associated risks of the loans to the Parks.

42. So breached his fiduciary duties and personally benefited from the loan transactions to the detriment of the Parks. The Parks have suffered staggering financial losses

COMPLAINT TO DETERMINE
DISCHARGEABILITY –
Page 9 of 11
1237.180.002

LAW OFFICE OF
RICHARD A. BERSIN
777 108th Avenue NE, Suite 1900
Bellevue, WA 98004
(425) 460-0090

due to So's actions in borrowing substantial funds from the Parks, in wanton disregard for their best interests, failing to repay the loans, and then filing for bankruptcy.

43. Under 11 U.S.C. §523(a)(4), So is not entitled to a discharge of the Judgment Debt to the Parks because he perpetrated fraud and misappropriated funds in his fiduciary capacity.

### E. Willful and Malicious Injury (§523(a)(6))

44. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-43.

45. Under 11 U.S.C. §523(a)(6), So is not entitled to a discharge because the Judgment Debt is the result of willful and malicious injury to the Parks.

### F. Failure to Preserve and Produce Records (§727(a)(3))

46. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-45.

47. The bank records of Sona and JN Investment show that: (a) substantial funds have been transferred between the three Palace restaurants (even though the owners of Sona and JN Investment are different); (b) Na has used personal credit cards to pay for food purchases and other expenditures for all three restaurants, without segregating the expenses; and (c) Na has reimbursed substantial amounts to himself with funds from Sona and JN Investment for his credit card expenditures.

48. So has failed to produce the credit card records and receipts for expenditures of his manager, Na, which records are needed to ascertain the debtor's financial condition.

49. Under 11 U.S.C. §727(a)(3), So is not entitled to a discharge of the Judgment Debt to the Parks because he has concealed, destroyed, or failed to keep or preserve recorded information, including books, documents, records, and papers, from which the debtor's

LAW OFFICE OF
RICHARD A. BERSIN
777 108th Avenue NE, Suite 1900
Bellevue, WA 98004
(425) 460-0090

financial condition or business transactions might be ascertained, without circumstances justifying such conduct.

### V. Request for Relief

WHEREFORE, plaintiffs Eun Seong Park and Tae Shin Park request the following relief in this adversary proceeding:

(a) Judgment determining that the Judgment Debt to the Parks in the amount of $491,385, plus post-judgment interest at 12% per annum, is non-dischargeable under 11 U.S.C. §523(a)(2)(A) and (B), §523(a)(4), §523(a)(6), and §727(a)(3).

(b) Judgment awarding the Parks their reasonable attorney's fees and costs; and

(c) For such other and further relief as the Court deems just and equitable.

DATED this 11TH day of January, 2013

LAW OFFICE OF RICHARD A. BERSIN:

By: _____
Richard A. Bersin, WSBA #7178
777-108th Avenue N.E., Suite 1900
Bellevue, WA 98004
Telephone: (425) 460-0090
Fax: (425) 635-7720
info@bersinlaw.com
Attorney for Plaintiffs

COMPLAINT TO DETERMINE
DISCHARGEABILITY –
Page 11 of 11
1237.180.002

LAW OFFICE OF
RICHARD A. BERSIN
777 108th Avenue NE, Suite 1900
Bellevue, WA 98004
(425) 460-0090

Case 13-01028-TWD    Doc 1    Filed 01/11/13    Ent. 01/11/13 13:48:23    Pg. 10 of 10